WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, CUDDEBACK, SEABURY and POUND, JJ., concur.

Judgment accordingly.

---

MANHATTAN COMMERCIAL COMPANY, Respondent, *v.* FRANK PAUL, Appellant.

**Claims against United States — assignments thereof which do not conform to requirements of Federal statutes are void.**

An assignment of a claim against the United States, for supplies furnished, which fails to conform to the requirements of the United States Revised Statutes (§ 3477) as to executing, witnessing and

acknowledging such assignment, is absolutely null and void and does not in itself convey any interest, present or remote, legal or equitable, in the claim transferred. (*York* v. *Conde*, 147 N. Y. 486, explained and overruled; *National Bank of Commerce* v. *Downie*, 218 U. S. 345, followed.)

*Manhattan Commercial Co.* v. *Paul*, 159 App. Div. 924, reversed.

(Argued November 30, 1915; decided January 4, 1916.)

APPEAL from a judgment entered December 4, 1913, upon an order of the Appellate Division of the Supreme Court in the second judicial department overruling defendant's exceptions, ordered to be heard in the first instance by the Appellate Division, denying a motion for a new trial and directing judgment for plaintiff upon the verdict directed by the trial court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George B. Covington* for appellant. The assignments made by Vermilye & Power to plaintiff of the claims against the United States government (the proceeds of which claims it is contended were converted by this defendant) were not valid assignments for any purpose and in any respect whatsoever and plaintiff did not have the title to the moneys alleged to have been converted. (U. S. R. S. § 3477; *National Bank of Commerce* v. *Downing*, 218 U. S. 345; *Nutt* v. *Knut*, 200 U. S. 12.)

*Irving L. Ernst* and *David W. Kahn* for respondent. Both the agreement of June 27, 1911, and the formal assignments subsequently made by Vermilye & Power, vested in the plaintiff the legal or equitable title to the checks paid over by the United States government to Vermilye & Power or the proceeds thereof. (*York* v. *Conde*, 147 N. Y. 486; *Matter of Hone*, 153 N. Y. 522; *Central Trust Co.* v. *W. I. Imp. Co.*, 169 N. Y. 314; *Benedict* v. *Deshel*, 177 N. Y. 8.)

Collin, J.   The action is to recover from the defendant the sum of the damages sustained by the plaintiff through the conversion by defendant of moneys paid to him as the agent of the plaintiff.   The trial justice directed a verdict in favor of the plaintiff and ordered that the defendant's exceptions be heard in the first instance by the Appellate Division and that judgment be suspended in the meantime.   The Appellate Division overruled the exceptions, denied the motion for a new trial and ordered judgment upon the verdict.

The determinative facts may be briefly stated: The corporation of Vermilye & Power assigned to the plaintiff, its creditor, certain claims against the United States for supplies furnished.   By the agreement of the parties and the defendant, operating contemporaneously with the assignment, the defendant, who was the treasurer of Vermilye & Power, was made the agent of the plaintiff to collect or receive the moneys paid upon the claims, and moneys received on account thereof by Vermilye & Power should be held by it in trust for the plaintiff.   The United States paid the claims or parts thereof by checks payable to the order of Vermilye & Power, which the defendant as the treasurer indorsed and deposited in the bank account of that corporation, withholding them and their avails entirely from the plaintiff.   The plaintiff alleges that those checks and the avails were, by virtue of the assignment mentioned, its property, and the acts of the defendant constituted a conversion of them.   The defendant asserts that the assignment was absolutely null and void by reason of section 3477 of the Revised Statutes of the United States.

The section is: " All transfers and assignments made of any claim upon the United States, or of any part or share thereof, or interest therein, whether absolute or conditional, and whatever may be the consideration therefor, and all powers of attorney, orders, or other authorities, for receiving payment of any such claim, or of any part

or share thereof, shall be absolutely null and void, unless they are freely made and exercised in the presence of at least two attesting witnesses, after the allowance of such a claim, the ascertainment of the amount due, and the issuing of a warrant for the payment thereof. Such transfers, assignments, and powers of attorney must recite the warrant for payment, and must be acknowledged by the person making them, before an officer having authority to take acknowledgments of deeds, and shall be certified by the officer; and it must appear by the certificate that the officer, at the time of the acknowledgment, read and fully explained the transfer, assignment, or warrant of attorney to the person acknowledging the same." The assignment in question failed substantially to conform to the requirements of the section.

The decisions of the courts below were based upon that of this court in *York* v. *Conde* (147 N. Y. 486). We there held, in effect, that an assignment of a claim against the United States was valid between the claimant and his assignee, although it did not conform to the requirements of the statute, and, therefore, might be invalid as between the United States and the assignee. A consideration at that time of opinions of the Supreme Court of the United States relating to the statute brought us to the conclusion that our decision was consistent with the views of that court. We, however, expressly stated that "on a question of statutory construction of an act of Congress which has been determined by the Supreme Court of the United States, subsequently arising in this court, we should feel bound to adopt and follow the construction of that tribunal on the principle of comity, although in a case where the ultimate jurisdiction is vested in this court," and further said: "The principal case relied upon by the defendants to sustain their contention (that the assignment was void) is *Spofford* v. *Kirk* (97 U. S. 484), and if what Mr. Justice MILLER in *Goodman* v. *Niblack* (102 U. S. 556) characterizes

as the strong language of the opinion in that case, is to have the broadest application, there would be difficulty in holding that the assignment now in question can be upheld." Since our decision in the *York* case it has come to pass that the "strong language" of the opinion in the *Spofford* case has been given the "broadest application" by the Supreme Court of the United States in *National Bank of Commerce* v. *Downie* (218 U. S. 345). In that case it was held that an assignment of a claim against the United States for supplies furnished, not in accord with the provisions of the statute, was, as between the assignee and the trustee in bankruptcy of the assignors, absolutely null and void and did not, in itself, pass to the assignee any interest, present or remote, legal or equitable, in the claims transferred, and that any other holding would "effect a repeal of the statute by mere judicial construction in disregard of the plain, unequivocal intent of Congress as indicated by the statute." We accept such decision as an authority and, controlled by it, hold that the present assignment or transfer or authorization was likewise absolutely null and void as between the plaintiff, Vermilye & Power and the defendant, and did not vest in the plaintiff any right whatsoever, legal or equitable, to the moneys paid by the United States on the claims to Vermilye & Power. The language of the statute and of the opinion in the *National Bank of Commerce* case interdicts further discussion.

The order of the Appellate Division and the judgment entered thereon should be reversed, the verdict set aside and the complaint dismissed, with costs in all the courts.

WILLARD BARTLETT, Ch. J., HISCOCK, CUDDEBACK, CARDOZO, SEABURY and POUND, JJ., concur.

Ordered accordingly.