ISAAC LEVISON et al., Respondents, v. ILLINOIS SURETY COMPANY, Appellant, Impleaded with Another.

**Surety bond — loan of money on accounts for merchandise sold to federal government — action upon bond given by surety company to plaintiffs — invalidity of assignment to plaintiffs of moneys to be received from federal government — when plaintiffs cannot recover against the surety company for failure of principal to pay over moneys received from government.**

The defendant Paul was secretary and treasurer of Vermilye & Power, a domestic corporation engaged in selling merchandise to the United States government. The defendant surety company executed a bond to the plaintiffs to continue for one year from its date. The material recitals therein and the conditions thereof are, that these plaintiffs, who are engaged in the business of loaning money on accounts, had authorized Paul to receive funds due them from the United States government and to pay them over to plaintiffs as they are received. The condition is that if Paul should account for and pay over to plaintiff all moneys received by him from the United States government on account of bills discounted by the plaintiffs for Vermilye & Power, then the obligation would be null and void; further, that the surety should be liable only in the event that Paul should commit an act of larceny or embezzlement of any of the said funds intrusted to his care. Within the year Vermilye & Power

assigned to plaintiffs accounts for merchandise sold by it to the government to secure advances made to them by plaintiffs. On each assignment was an agreement signed by Vermilye &.Power by Paul, in which it was provided: "All remittances received by the assignor shall be received in trust for the Commercial Trust Company (the name under which plaintiffs traded) and the identical checks or moneys constituting such remittances shall be immediately turned over to Commercial Trust Company." There is a balance remaining unpaid on the advances made by the plaintiffs on such assignments. It is claimed by them that Paul instead of turning over warrants received by him in accordance with the agreement has deposited them to the account of Vermilye & Power. This action is brought against the surety company to recover upon their bond. *Held*, that the assignment of the accounts mentioned is void under section 3477 of the United States Revised Statutes and does not vest the plaintiff with any right, legal or equitable, in the moneys paid by Paul to Vermilye & Power, and further, on examination of the evidence, that no separate or binding agreement was executed between the parties which entitles plaintiffs to recover. Hence, the plaintiffs have not shown a larceny or embezzlement by Paul within the meaning of the bond and that the plaintiffs have not and cannot sustain their complaint. (*Manhattan Commercial Co.* v. *Paul*, 216 N. Y. 451; *Nat. Bank of Commerce* v. *Downie*, 218 U. S. 345, followed.)

*Levison* v. *Illinois Surety Company*, 167 App. Div. 747, reversed.

(Argued November 20, 1917; decided January 8, 1918.)

APPEAL from a judgment, entered May 17, 1915, upon an order of the Appellate Division of the Supreme Court in the first judicial department, overruling defendant's exceptions, ordered to be heard in the first instance by the Appellate Division, denying a motion for a new trial and directing judgment in favor of plaintiffs on the verdict directed by the trial court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*L. Lafllin Kellogg* and *Alfred C. Petté* for appellant. The assignments from Vermilye & Power, Inc., to the plaintiffs of their claims against the United States were in direct violation of section 3477 of the United

States Revised Statutes, and absolutely null and void. (*Manhattan Commercial Co.* v. *Paul*, 216 N. Y. 481; *National Bank of Commerce* v. *Downie*, 218 U. S. 345; *Spofford* v. *Kirk*, 97 U. S. 484; *Emmons* v. *United States*, 189 Fed. Rep. 414.) The assignments having been given in direct violation of law and, therefore, absolutely null and void, the bond sued upon, which was part of the same transaction, and given to carry the assignments into effect, is also null and void. (*Leavitt* v. *Palmer*, 3 N. Y. 19; *Swift* v. *Beers*, 3 Den. 70; *Homan* v. *Brinckerhoff*, 1 Den. 184; *Bath Gaslight Co.* v. *Rowland*, 84 App. Div. 563; 178 N. Y. 631; 4 Am. & Eng. Ency. of Law [2d ed.], 656.) The assignments being void, they conferred on the plaintiffs no interest in or title to the moneys due to Vermilye & Power, Inc., from the United States, and consequently no act of "larceny or embezzlement" of any of the moneys received from the United States by Paul, within the meaning of the bond, could have been committed. (*People ex rel. Perkins* v. *Moss*, 187 N. Y. 410.) The bond was not conditioned for the turning over by Vermilye & Power, Inc., or by Paul, as treasurer, of said company, of the moneys received from the United States, but against an act of "larceny or embezzlement" thereof by Paul, as the agent of the plaintiff, and before Paul could be held to have committed an act of "larceny or embezzlement" within the meaning of the bond it was necessary for the plaintiffs to prove that the funds received from the United States came into his individual possession as the plaintiffs' agent, of which there was absolutely no proof. (*Thacher* v. *H. C. Assn.*, 126 N. Y. 507.)

*I. Gainsburg* and *Joseph P. Segal* for respondents. The bond and undertaking of paid surety companies are policies of insurance, and as such are original primary obligations of the surety company, to which there can

be no defense except fraud in the procurement of the obligation or a defense inherent in the obligation itself. (*Town of Whitestown* v. *Title Guaranty & Surety Co.*, 72 Misc. Rep. 498; Richardson on Ins. 655; *Am. Surety Co.* v. *Pauly*, 170 U. S. 144; Pingrey on Suretyship & Guaranty, §§ 442–444.) The bond in suit is a valid contractual obligation, binding upon the appellant surety company, even although the assignment be unenforcible. (*Putnam* v. *Schuyler*, 4 Hun, 166; *McLaughlin* v. *McGovern*, 34 Barb. 208; *Stern* v. *Marks*, 35 Barb. 565; *Remsen* v. *Graves*, 41 N. Y. 471; *Backus* v. *Fells*, 129 Pac. Rep. 86; *Church* v. *Swanson*, 100 Ill. App. 39; *U. S. Title Guarantee Co.* v. *Brown*, 166 App. Div. 688.)

CHASE, J.   At the times herein mentioned the plaintiffs were doing business as copartners under the name of Commercial Trades Company in loaning money on accounts. Vermilye & Power was a domestic corporation engaged in selling merchandise to the United States government. The defendant Frank Paul was its secretary and treasurer. On the first of November, 1910, the defendant surety company executed a bond to the plaintiffs in the sum of $5,000 to continue for one year from its date. The material recitals therein and the condition thereof are as follows:

" WHEREAS, the said Frank Paul above named and Levison & Hanauer trading as Commercial Trades Co. are about to enter into an agreement with Vermilye & Power, Inc., for the purpose of discounting certain payments due the said Vermilye & Power, Inc., from the United States Government, and

" WHEREAS, the said Levison & Hanauer, trading as Commercial Trades Co., have authorized and empowered the said Frank Paul, the above mentioned, to receive funds from the United States Government and to pay over the same to Levison & Hanauer trading as Commercial Trades Company, as they are received,

" *Now, therefore,* the above condition of this obligation is such that if the said Frank Paul shall well and truly account for and pay over to the said Levison & Hanauer all moneys received by him from the United States Government on account of bills discounted by the said Levison & Hanauer for the said Vermilye & Power, Inc., then this obligation to be null and void. Nothing herein contained, however, shall be construed to impose upon the said surety any obligation or liability for any funds that shall not be collected from the United States Government on account of bills discounted by the said Levison & Hanauer trading as Commercial Trades Co. Said surety shall be liable only in the event that the said Frank Paul shall commit an act of larceny or embezzlement of any of the said funds entrusted to his care."

Before the bond was given, Paul, one of the plaintiffs, and a representative of the surety company had a conversation in which it was stated that the government would not recognize the assignment of accounts contemplated. The assignment of accounts was not, however, abandoned, but an effort was made in substance to make the security by assignment of such accounts certain to the plaintiffs by directing Paul, as treasurer, to recognize the plaintiffs as the equitable owners of the warrants to be delivered by the government in payment of the accounts and to require him to deliver the same to the plaintiffs by reason of such ownership. For the purpose it is alleged, but not shown, of carrying out such intention, the board of directors of Vermilye & Power before such bond was given passed a resolution as follows:

" That the treasurer of this corporation, Frank Paul, shall be the only person who is authorized to endorse the name of Vermilye & Power, a corporation, to any checks, bills, notes, or drafts made payable to the said corporation."

Within a year after the bond was given Vermilye & Power assigned to the plaintiffs several accounts for merchandise sold by it to the government to secure advances made to it by the plaintiffs which with their commissions aggregated $8,431.10. On the back of each of said assignments was an agreement signed by Vermilye & Power by Frank Paul, its treasurer, in which the rights of assignor and assignees were stated at length and among other things it was provided: " All remittances received by the assignor shall be received in trust for the Commercial Trust Company and the identical checks or moneys constituting such remittances shall be immediately turned over to Commercial Trust Company."

Not only were the accounts specifically assigned but the plaintiffs in further insistance upon their ownership thereof took into their possession the original bills of lading of the merchandise shipped to the government. Warrants were made from time to time by the government payable to Vermilye & Power on account of the merchandise, accounts for which were assigned as stated. These warrants or the proceeds thereof, to the extent of $4,730.31 were delivered by Paul to the plaintiffs on account of said advances. There is a balance of $3,700.79 with interest remaining unpaid on the advances made by the plaintiffs on such assignments. It is claimed by the plaintiffs that Paul, as treasurer, has received other warrants from the government on account of the merchandise, the accounts for which were assigned as stated, amounting to considerably more than the balance remaining unpaid on the money advanced by the plaintiffs; but that Paul instead of turning over such warrants in accordance with the agreement with the plaintiffs has deposited them to the account of Vermilye & Power and has refused to turn the same over to the plaintiffs. This action is brought against the surety company to recover upon said bond. Judgment was directed by the

trial court for the amount claimed by the plaintiffs and that judgment has been affirmed by the Appellate Division. The surety company insists that the assignments from Vermilye & Power to the plaintiffs were absolutely null and void, because in direct violation of section 3477 of the United States Revised Statutes, which is as follows:

" All transfers and assignments made of any claim upon the United States, or. of any part or share thereof or interest therein, whether absolute or conditional, and whatever may be the consideration therefor, and all powers of attorney, orders or other authorities for receiving payment of any such claim or of any part or share thereof, shall be absolutely null and void unless they are freely made and executed in the presence of at least two attesting witnesses after the allowance of such a claim, the ascertainment of the amount due, and the issuing of a warrant for the payment thereof. Such transfers, assignments and powers of attorney must recite the warrant for payment and must be acknowledged by the person making them before an officer having authority to take acknowledgments of deeds, and shall be certified by the officer; and it must appear by the certificate that the officer at the time of the acknowledgment read and fully explained the transfer, assignment, or warrant of attorney to the person acknowledging the same."

The assignment of accounts mentioned and each of them were made before the allowance of the claims therefor or the issuing of a warrant in payment thereof and such assignments were not executed in conformity with the requirements of the statute.

The bond was given before the decision in *Manhattan Commercial Co.* v. *Paul* (reported in 216 N. Y. 481). Judge COLLIN in that case, referring to the case of *National Bank of Commerce* v. *Downie* (218 U. S. 345), said:

" In that case it was held that an assignment of a claim against the United States for supplies furnished, not in accord with the provisions of the statute, was, as between the assignee and the trustee in bankruptcy of the assignors, absolutely null and void and did not, in itself, pass to the assignee any interest, present or remote, legal or equitable, in the claims transferred, and that any other holding would ' effect a repeal of the statute by mere judicial construction in disregard of the plain, unequivocal intent of Congress as indicated by the statute.' We accept such decision as an authority and, controlled by it, hold that the present assignment or transfer or authorization was likewise absolutely null and void as between the plaintiff, Vermilye & Power and the defendant, and did not vest in the plaintiff any right whatsoever, legal or equitable, to the moneys paid by the United States on the claims to Vermilye & Power. The language of the statute and of the opinion in the *National Bank of Commerce* case interdicts further discussion." (p. 485.)

All rights, therefore, legal or equitable, arising from the assignments made by Vermilye & Power to the plaintiffs are as if such assignments had never been executed and delivered. Vermilye & Power were absolutely and unqualifiedly entitled in form and in fact to every remittance from the government on account of the merchandise sold to it by that corporation. Its agreement accompanying said assignments and also all agreements collateral thereto fall with the void assignments. The plaintiffs have their claim against Vermilye & Power for the moneys advanced to it simply as unsecured creditors. It is now claimed by the plaintiffs that the agreements executed in connection with said assignments and the bond given by the surety company were wholly independent of such assignments and as such can be sustained although the assignments are void. We will asume for the purposes of the consideration of this case that a valid agreement

could have been made between Vermilye & Power, Paul, its treasurer, and the plaintiffs, by which the plaintiffs were to loan Vermilye & Power money to be paid with warrants to be received by it from the government and that Paul as the treasurer of the corporation would, with the authority of the corporation, indorse the name of Vermilye & Power thereon and deliver such identical warrants to the plaintiffs until the full payment of the amount loaned by them to Vermilye & Power and that the surety company could guarantee the faithful performance of such an agreement and become liable to the plaintiffs thereon. Such an arrangemente and agreemnt would only be valid and binding upon the parties because of its being entirely separate from and independent of the prohibition contained in the statute quoted. No such separate and independent agreement was executed in this case. It is manifest that Paul, assuming to act for Vermilye & Power and the plaintiffs, entered into the agreements mentioned relying upon the assignments being valid and enforcible as between the parties thereto although null and void as against the government. The formal actions of the parties so far as shown, the agreements accompanying the assignment of the accounts and the recitals contained in the bond, do not sustain the claim of an agreement separate and independent of the assignment of the accounts. The resolution of the board of directors of Vermilye & Power has no special significance and it does not purport to authorize Paul to act as the agent of the *plaintiffs*. There are no recitals in the bond of authority in Paul to act for Vermilye & Power in the execution of agreements independent of the assignments or otherwise. Such recitals refer to *plaintiffs'* authority to Paul and also to discounting certain payments due from the government. The discounts were in fact made upon the security of the void assignments and the contemporaneous agreements. The assignments being

null and void there is nothing so far as appears from the record before us to prevent Vermilye & Power retaining the proceeds of the accounts for merchandise sold to the government.

The bond also expressly provides that the surety company is not to be liable unless " the said Frank Paul shall commit an act of larceny or embezzlement of any of the funds entrusted to his care."

The *Manhattan Commercial Company* case was an action based upon a similar assignment of claims for merchandise sold to the government by Vermilye & Power. It was brought against Paul, the treasurer of Vermilye & Power, to recover damages alleged to have been sustained by the plaintiff in that action through the *conversion by Paul* of money paid by the government to him as the treasurer of Vermilye & Power and which money he is alleged to have agreed to receive as the agent for Manhattan Commercial Company and transferred to it, but which instead of transferring to it he deposited in the bank account of Vermilye & Power.

The judgment recovered against Paul in that action was reversed and the complaint dismissed, and this court, speaking by COLLIN, J., used the language quoted above. We are of the opinion, therefore, that the plaintiffs have not shown a larceny or embezzlement by Paul within the meaning of the bond and that the plaintiffs have not and cannot sustain their complaint.

There are other troublesome questions presented in this case by the appellant, but the view that we take of the merits of the controversy, as stated above, makes it unnecessary to discuss any other questions in the opinion.

The judgment should be reversed and the complaint dismissed, with costs to appellant in all courts.

HISCOCK, Ch. J., CUDDEBACK, HOGAN, POUND and ANDREWS, JJ., concur; MCLAUGHLIN, J., not sitting.

Judgment reversed, etc.