In re HUDFORD CO. OF NEW YORK, Inc.

Petition of ZALKIN.

(Circuit Court of Appeals, Second Circuit. April 16, 1919.)

No. 213.

BANKRUPTCY ☜172—PROPERTY PASSING TO TRUSTEE—ASSIGNMENT OF CLAIMS AGAINST UNITED STATES.

Under Rev. St. § 3477 (Comp. St. § 6383), making void any assignment or transfer of an unallowed claim against the United States, a contract under which petitioner furnished automobile parts to bankrupt, to be used in filling a contract with the government, and which provided that all warrants received by bankrupt under its contract should be indorsed by it as agent and delivered to petitioner, *held* void, and such warrants received by the trustee *held* to inure to the benefit of general creditors.

Petition for Revision of Order of the District Court of the United States for the Southern District of New York.

In the matter of the Hudford Company of New York, Incorporated, bankrupt. Petition by Harry Zalkin, trustee, to revise order of District Court. Reversed.

Nathan Friedman, of New York City, for trustee.

Edwards, O'Loughlin & George, of New York City (David G. George and Charles H. Edwards, both of New York City, of counsel), for H. H. Babcock Co.

Before WARD, HOUGH, and MANTON, Circuit Judges.

WARD, Circuit Judge. This is a reclamation proceeding in bankruptcy. The petition of the H. H. Babcock Company to the referee alleges that on August 28, 1917, it agreed to furnish to the Hudford Company certain automobile bodies and fenders to be used by it in carrying out a contract with the United States government; the Hudford Company agreeing that title to the bodies and fenders should remain in the petitioner until delivery to the government, the warrants to be issued therefor to become the property of the petitioner and to be collected, indorsed and forwarded by the Hudford Company to the petitioner as its agent, any sum over the contract price of the bodies and fenders to be applied to the payment of any balance then due by the Hudford Company to the petitioner, the Hudford Company assigning to the petitioner all its right, title, and interest in its contract with the government and agreeing to give such further assurance to the petitioner as it might deem necessary to carry out the agreement. The petitioner thereupon furnished 56 automobile bodies and 26

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

pairs of fenders to the Hudford Company, which it delivered to the government. October 26, 1917, the Hudford Company was adjudicated a bankrupt and its trustee came into possession of government warrants to its order for the sum of $4,370, which he has collected and out of which he has refused to turn over the sum of $4,002.95, due to the petitioner under the contract of August 28, 1917. The prayer of the petition was that the trustee be required to turn over the said amount with interest to the petitioner.

The referee denied the petition, with costs, on the ground that the agreement of August 28, 1917, made before allowance by the government of the Hudford Company's claims and before issue of any warrants, was in contravention of section 3477, Rev. St. U. S., which reads as follows:

"All transfers and assignments made of any claim upon the United States, or of any part or share thereof, or interest therein, whether absolute or conditional, and whatever may be the consideration therefor, and all powers of attorney, orders, or other authorities for receiving payment of any such claim, or of any part or share thereof, shall be absolutely null and void, unless they are freely made and executed in the presence of at least two attesting witnesses after the allowance of such a claim, the ascertainment of the amount due, and the issuing of a warrant for the payment thereof. Such transfers, assignments, and powers of attorney must recite the warrant for payment, and must be acknowledged by the person making them, before an officer having authority to take acknowledgments of deeds, and shall be certified by the officer; and it must appear by the certificate that the officer, at time of the acknowledgment, read and fully explained the transfer, assignment, or warrant of attorney to the person acknowledging the same."

The H. H. Babcock Company having filed a petition for review in the District Court, the District Judge held that although the agreement of August 28, 1917, was forbidden by section 3477, nevertheless it constituted a conditional sale, binding the proceeds of the warrants for the goods in the hands of the trustee, and as the property belonged to the petitioner, and not to the bankrupt, the transfer within four months of the filing of the petition in bankruptcy was not a preference under section 60b of the Bankruptcy Act.[1] Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 Sup. Ct. 50, 60 L. Ed. 275. We think the learned judge erred. The Babcock Company knew that its title to the bodies, etc., could not be reserved, and was not intended to be reserved, as against the government, and that the only security it could expect was in the claim when allowed, and in the warrants to be issued by the government to the Hudford Company. But the Supreme Court has in the most explicit and unmistakable terms pronounced all such agreements, direct or indirect, absolutely void under section 3477. National Bank of Commerce v. Downie, 218 U. S. 345, 31 Sup. Ct. 89, 54 L. Ed. 1065, 20 Ann. Cas. 1116. In that case the bank had advanced money to the bankrupt upon the security of 16 claims against the United States for materials furnished by the bankrupt, none of which claims had been allowed, and for none of which warrants had been issued. The court held that the assignments were absolutely void, and the bankrupts were still the owners of the claims, which passed, not to the bank, but to their general creditors, as if no assignments had been made. In view of this decision

[1] Act July 1, 1898, c. 541, 30 Stat. 562 (Comp. St. § 9644).

the Court of Appeals of New York in Manhattan Co. v. Paul, 216 N. Y. 481, 111 N. E. 76, overruled its former decision to the contrary in York v. Conde, 147 N. Y. 486, 42 N. E. 193, and held that the plaintiff could not recover against the defendant for conversion under the following circumstances: The plaintiff advanced moneys to a corporation upon the security of an assignment by it of claims against the United States government which the defendant, the corporation's treasurer, agreed, as agent of the plaintiff, to collect, indorsing the warrants to it, instead of which he indorsed and deposited them in the borrower's bank. This was not even a case of bankruptcy, involving a preference of the lender over general creditors. Such results may appear inequitable, but the act of Congress as interpreted by the Supreme Court make them ineluctable.

The decree is reversed.