The assignment delivered to plaintiff was void. (Manhattan Commercial Co. v. Paul, 216 N. Y. 481; Martin v. National Sur. Co., 300 U. S. 588; McKenzie v. Irving Trust Co., 292 N. Y. 347.) It was not executed in accordance with Federal law. (U. S. Code, tit. 31, § 203, U. S. Rev. Stat., § 3477.) No warrant for payment had issued and payment thereunder had not been made. The United States was a creditor of the corporation. The assignment had no present value and, therefore, could not work a dis *856 charge of the notes. (Wise v. Chase, 44 N. Y. 337, 340.) At best it was a conditional payment of the notes. (Cherey v. McLaughlin, 245 N. Y. 616.) It woidd become effective only if and when the United States issued its warrant and made payment of the overassessment of income taxes. The corporate maker was, therefore, not discharged by delivery and acceptance of the assignment. The Trial Justice obviously permitted his erroneous conclusion that the assignment constituted absolute payment of the notes to shape his examination of the plaintiff and to enter into his determination as to the credibility of plaintiff on the question of fact as to waiver of presentment and waiver of notice of presentment. The findings in the decision that there was no waiver of presentment and that the assignment was given in full payment of the notes are reversed. Johnston, Acting P. J., Adel, Sneed, Wenzel and MacCrate, JJ., concur.