FINANCE CO. OF PENNSYLVANIA *et al.* *v.* CHARLESTON, C. & C. R. CO.

*Ex parte* HART.

(*Circuit Court, D. South Carolina.* May 29, 1891.)

1. ATTORNEY AND CLIENT—LIEN ON PAPERS FOR SERVICES.
   The attorney of a railroad company, who in the course of his regular duties has negotiated conveyances of the right of way and has received conveyances thereof, and has also negotiated donations of property for depot purposes and received conveyances thereof executed in his name as vendee, has a lien upon such papers for his salary and legitimate expenditures about the business, and may retain possession of them until such charges are paid.

2. RAILROAD MORTGAGE—PRIORITY OF LIENS.
   But in the foreclosure of a mortgage of the railroad such lien will not be held to extend to the *corpus* of the property, or to authorize the payment of his demand out of the funds in the hands of the receiver before the claims of the bondholders are paid.

In Equity.
*Mitchell & Smith* and *C. E. Spencer*, for petitioner.
*Sam'l Lord*, for plaintiff.

SIMONTON, J. This case comes up on a rule to show cause and the return thereto. Mr. James F. Hart was for some time attorney for the defendant company. While he was attorney he secured many rights of way, and obtained the deeds therefor. He had in his possession 144 of these deeds, all but 11 of which were duly recorded. Under the direction of the court, these were all deposited in the registry, without

any prejudice whatever to his rights over them.   Beside this, Mr. Hart, under the instructions of the general manager of the railroad company, had gone with the chief engineer, and had selected depot sites.   He was promised the opportunities of using the knowledge thus acquired in purchasing adjacent lands, whose enhancement in value in consequence of the location of the depot sites would be a source of profit to him. The depot sites at Kershaw, Westville, and Pleasant Hill were among those located.   The land proprietors at these points donated lands for this purpose, and the conveyances were made to him in fee, two of them without qualifying words, one to him "in trust," without naming the *cestui que trust.*   The consideration moving the donors was the location of the depots.   The rule called upon him to show cause why he retained possession of these papers.   For cause he shows that the railroad company is indebted to him, and that he holds the papers under his lien as attorney.   The special master reports that there is due to him as attorney the following items:

| | |
|---|---:|
| For salary, | $1,833 42 |
| For traveling expenses, stationery, and postage, | 217 70 |
| For clerk hire, | 440 00 |
| For moneys advanced in paying claims, | 45 00 |
| | $2,536 12 |
| Less cash on hand, | 15 00 |
| | $2,521 12 |

There is no exception to the report on these facts, and it must to this extent be confirmed.

An attorney has a lien on money, choses, and papers in his hands for services rendered.   *In re Paschal,* 10 Wall. 483.   The respondent, therefore, has a right to the possession of the conveyances of the right of way now held by the clerk solely for him, and if he desires it he can have them restored to his own possession.   Of these, 133 had been recorded before this rule was had.   The clerk has recorded the remaining 11.   This last fact cannot in any way impair his lien.   This clearly was his own opinion, as he recorded 133, and we agree with him.   The conveyances of the depot sites present a more complicated question. The legal title is in him, and presumably at the instance of the donors. There is no resulting trust, as no money of the railroad was paid for them, and no express trust for the company in the deeds.   The respondent is not a mortgagee, nor can we speak of any lien upon the title-deeds as against the railroad company, for, as far as they declare on their face, there appears to be no interest in the company in them.   He may refuse to convey the land to the railroad company, or any vendee of its property, until his recognized claims are paid.   The mortgage, whose foreclosure is sought by the present bill, has this description of the property mortgaged:

"The railroad and franchise of the party of the first part, extending from its southern terminus in the city of Charleston, county of Charleston, and state

of South Carolina, to its northern terminus upon the Ohio river, at the city of Ashland, in the state of Kentucky, as the same now is or may hereafter be located and constructed by the said railroad company, including all branches and extensions thereof, together with all the franchises, privileges, appurtenances appertaining thereto, and all that may hereafter appertain thereto, and to the tolls, issues, income, and profits to be had from the said property and privileges."

It would seem that the depot sites not in the name of the railroad company are not covered by this mortgage. If they are, it is imperfect as to them. In this event the respondent may refuse to make the deeds necessary to cure the imperfections until his recognized charges are paid. He asks, however, the recognition by the court of his lien, and its order for the payment of his account out of the earnings in the hands of the receiver, and, if these be wanting or deficient, out of the first proceeds of sale of the railroad under the mortgage when it is foreclosed. To enable the court to pass such an order, it must appear that this claim has a rank superior to all liens upon the income and upon the property. The order appointing the receiver in this case appropriates the tolls, income, revenue, and issues to the payment of the proper and necessary expenses and charges of carrying on the business, including the wages and salaries of employes; and the receiver is authorized to pay all the wages due to employes at the date of the order appointing the temporary receiver herein for labor and services within 90 days before the same. Assuming that an attorney is an employe, within the meaning of this order, of which there is grave doubt, (*Vane* v. *Newcombe*, 132 U. S. 237, 10 Sup. Ct. Rep. 60; *Louisville, etc.*, v. *Wilson*, 11 Sup. Ct. Rep. 407,) the terms of this order preclude any special preference to the respondent. With regard to the payment of the first proceeds of sale, primarily all of these belong to the mortgagees. The appointment of a receiver gives the court no authority to displace their vested contract lien. *Kneeland* v. *Loan Co.*, 136 U. S. 97, 10 Sup. Ct. Rep. 950. Were the respondent the owner of the rights of way, the court could not now say that, when the whole property is sold for the payment of liens and claims, his claim shall be paid in full, without regard to the fact that there may be a deficiency for the other claims and liens. See *Hand* v. *Railway Co.*, 17 S. C. 276. It would no doubt be of advantage in the sale of the property to have all disputes as to the title settled. But the court can have no right to direct the money of the mortgagees applied to such a settlement, not only without their consent, but against their will. See *Woodworth* v. *Blair*, 112 U. S. 8, 5 Sup. Ct. Rep. 6. So with the depot sites the same reasoning would apply. Indeed, it is against the fixed practice and policy of the court to settle the rank of claims or order their payment until a final decree. This case is an illustration of the wisdom of this. It is one of many of the same class presented for consideration. Nearly every attorney employed by the company has put in his claim. Several of them set up liens for the same kind of services. A prejudgment now may prejudice others of equal merit.

The case comes up to be heard on the rule, the return thereto, and the report of the master. It is ordered and adjudged that the respondent is a creditor of the Charleston, Cincinnati & Chicago Railroad Company in the sum of $2,521.12, and that he has the right to receive from the clerk, and to retain in his possession, the 144 deeds conveying a right of way to said company. That he also has the right to retain in his possession the title-deeds to the depot sites of Kershaw, Westville, and Pleasant Hill; no opinion or decree, however, being now made as to the construction of or effect of said deeds. It is further ordered that the rule be discharged.