BACON v. SCHLESINGER et al.

(Supreme Court, Appellate Division, First Department. March 3, 1916.)

ATTORNEY AND CLIENT ☜184—ATTORNEY'S LIEN—PRIORITY.

An attorney was retained to represent M.'s administratrix upon an accounting by the executors of A. under a retainer allowing him one-third of any interest of M. in the estate of A. upon the accounting. Subsequent to the final decree L., in an action on a contract whereby M. and others agreed to reimburse L. for certain advances made by him out of their interests in the estate of A., recovered a judgment directing the executors of A. to pay the money due M.'s estate to L. on account of his claim under the contract. *Held*, that L.'s claim to the fund was subordinate to the attorney's lien, since L.'s claim was merely based on an agreement by M. to pay a debt out of a particular fund, and was not equivalent to an assignment of the fund, and gave rise to no equitable lien thereon, and a claim against a fund to supersede the attorney's lien must be a prior charge against the specific fund.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 388; Dec. Dig. ☜184.]

McLaughlin and Laughlin, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Alexander S. Bacon against Leo Schlesinger and others. From a judgment for defendants, entered on a decision after a trial at Special Term, plaintiff appeals. Reversed, and judgment entered for plaintiff.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and PAGE, JJ.

Alexander S. Bacon, of New York City, in pro. per.
Martin L. Stover, of New York City, for respondents.

PAGE, J. The plaintiff was retained by Elizabeth Schlesinger, as administratrix of Mark Schlesinger, her deceased husband, on September 9, 1911, to represent her upon an accounting of the executors of the estate of Abraham Schlesinger for the purpose of protecting the rights of the estate of her deceased husband therein, under a written retainer allowing the plaintiff for his services one-third of the amount found due to the estate of Mark Schlesinger under the final decree of the surrogate upon the said accounting. The said final decree was entered March 25, 1913, showing $5,519.35 due from the estate of Abraham Schlesinger to the estate of Mark Schlesinger. This action is brought to enforce the plaintiff's lien upon the said fund for the amount of his fee, $1,839.79, with interest.

The defendant Leo Schlesinger asserts a claim to this fund arising out of a contract in writing entered into between the said Leo Schle-

singer and his four brothers, of whom the decedent Mark Schlesinger was one, dated June 14, 1907, whereby the said four brothers each agreed in part as follows:

"We do hereby agree that out of the interests in the estate of Abraham Schlesinger, deceased * * * in which we are entitled to certain shares and interests, we will repay to the said Leo Schlesinger the proper amount due to him by said Philip Bear for advances heretofore made, in equal shares of one-quarter each; this agreement to be binding upon us severally, and not jointly."

Leo Schlesinger brought an action against Elizabeth Schlesinger to recover this sum, which amounted to $13,046.34, out of the estate of Mark Schlesinger and any money which might be due to Mark Schlesinger's estate from the estate of Abraham Schlesinger, in which action a decree was entered December 19, 1913, directing the executors of Abraham Schlesinger to pay the money due to the Mark Schlesinger estate from Abraham Schlesinger over to Leo Schlesinger in payment on account of said claim.

The learned trial justice in the instant case has held that the plaintiff's lien upon the fund was inferior to that of Leo Schlesinger, and granted judgment for the defendant. I am unable to agree with this conclusion. Unless Leo Schlesinger had a claim which was a valid charge against the share of Mark Schlesinger in his father's estate, at the time when the plaintiff's lien attached, his claim is not entitled to priority over the attorney's lien. It is not sufficient for such claim to be a general debt against the client. It must, in order to supersede the attorney's lien, be a prior charge against the specific fund upon which the attorney's lien has attached. Leo Schlesinger's claim was merely based upon an agreement of Mark Schlesinger to pay a debt out of a particular fund. It was therefore not equivalent to an assignment of the fund and gave rise to no equitable lien upon it. Williams v. Ingersoll, 89 N. Y. 508; Thomas v. N. Y. & G. L. R. Co., 139 N. Y. 163, 34 N. E. 877. In the latter case Andrews, C. J., said at page 179 of 139 N. Y., at page 881 of 34 N. E.:

"It is the settled doctrine in this state 'that an agreement, either by parol or in writing, to pay a debt out of a designated fund, does not give an equitable lien upon the fund, or operate as an equitable assignment thereof' [citing cases]. In Trist v. Child, 21 Wall. 441 [22 L. Ed. 623], the court, referring to this subject, said: 'But a mere agreement to pay out of such fund is not sufficient. Something more is necessary. There must be an application of the fund pro tanto, either by giving an order, or by transferring it otherwise in such a manner that the holder is authorized to pay the amount directly to the creditor, without the further intervention of the debtor.'"

See also Addison v. Enoch, 48 App. Div. 111, 62 N. Y. Supp. 613, and Pettibone v. Thomson, 72 Misc. Rep. 486, 130 N. Y. Supp. 284, in which instruments similar to the one here involved were held to create no interest in the fund referred to for payment.

It is clear that the judgment in this action between Leo Schlesinger and Elizabeth Schlesinger having been entered after plaintiff's lien attached, and plaintiff not having been a party to it, had no effect whatever upon his rights. I am of the opinion that the judgment must be reversed, with costs, and judgment entered for the plaintiff, with costs, declaring his lien upon the fund.

Settle order on notice, reversing the findings of the court at Special Term which are inconsistent with this opinion, and making new findings in accordance herewith.

CLARKE, P. J., and SCOTT, J., concur.

McLAUGHLIN, J. (dissenting). I am unable to concur in the prevailing opinion. If it be assumed that the plaintiff, as attorney for Elizabeth Schlesinger, as administratrix of Mark Schlesinger, had a lien for his services upon the amount decreed to be paid to her on the accounting, I do not think he is in a position to enforce such lien in this action. After the decree had been made in the Surrogate's Court with reference to the fund in question, Leo Schlesinger brought an action against Elizabeth Schlesinger, as administratrix of Mark Schlesinger, and Baldwin Schlesinger, as executor, etc., of Abraham Schlesinger, to procure a judgment establishing his right to such fund. The plaintiff in this action appeared as attorney for the administratrix in that action. He then knew that he claimed to have a lien upon the fund sought to be recovered in that action, and yet he did nothing towards establishing or enforcing the same. He did not ask to be made a party to the action, nor, so far as appears, did he call the court's attention in any way to the fact that he claimed to have a lien upon the fund for services rendered to the administratrix on the accounting. The fact doubtless is that he expected his client would succeed in the action, and, if so, his lien, instead of being lost or destroyed, might be increased. Whatever may have been his reason for not intervening in that action, and having his lien established, the fact remains he did not do so, but sat quietly by and permitted the court to render a judgment, in ignorance of his lien, awarding the entire fund to the plaintiff in that action, and also enjoining his client, the administratrix, "from enforcing the collection of the said sum awarded by the decree of the surrogate" until the amount found due the plaintiff had been "fully paid and discharged." The judgment also enjoined Baldwin Schlesinger, as executor, etc., of Abraham Schlesinger, from paying over to this plaintiff's client any sum then adjudged, or that might thereafter be adjudged, to be due to the estate which she represented, until the amount found due the plaintiff in the action had been fully paid.

I am of the opinion that the plaintiff, by reason of his own acts in the Leo Schlesinger action, is estopped from asserting a lien upon the fund referred to. But, if I am wrong in this, I do not see how he is in a position to enforce his lien, even though it be established, until the judgment rendered in the Leo Schlesinger action has been set aside or modified in some way, so far as the fund is concerned. That judgment, as we have already seen, restrains the executor of the Abraham Schlesinger estate from paying any sum whatever to the administratrix of Mark Schlesinger, or her paying out that sum until the amount awarded the plaintiff in that action has been fully paid.

For these reasons, I vote to affirm the judgment.

LAUGHLIN, J., concurs.