(173 App. Div. 219)

### WEINSTEIN v. SEIDMANN et al.

(Supreme Court, Appellate Division, First Department. June 2, 1916.)

1. ATTORNEY AND CLIENT ⬤⟹177—RETAINING LIEN—CHARGING LIEN—ATTORNEY OF RECORD—STATUTE.

Under Judiciary Law (Consol. Laws 1909, c. 30) § 475, providing that from the commencement of an action the attorney appearing for a party has a lien upon his client's cause of action, etc., attaching to a verdict, decision, judgment, or final order in his client's favor, and the proceeds, in whosesoever hands they come, unaffected by any settlement between the parties before or after the judgment, etc., a lien under a retainer in writing, by which the client was to pay 50 per cent. of whatever money might be realized by her by judgment, settlement, or compromise, or services rendered in regard to her claim for damages, under which plaintiff performed services in investigating the claim, preparing a complaint, and instituting a certain motion, was not a possessory or "retaining lien," but a "charging lien" on the cause of action, given by common law, and given by the statute only to the attorney of record.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 386; Dec. Dig. ⬤⟹177.]

2. ATTORNEY AND CLIENT ⬤⟹176—RETAINER—CONSTRUCTION.

Such retainer agreement did not purport to give a lien, and did not constitute an assignment or part of the fund, but was at most an agreement to pay the plaintiff out of the recovery.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 381; Dec. Dig. ⬤⟹176.]

---

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Special Term, New York County.

Action by Morris Weinstein against Lottie Seidmann and others, impleaded with Moses Feltenstein and Abraham Rosenstein. From an order denying their motion on the pleadings for a judgment dismissing the amended complaint, and overruling their demurrer, defendants Feltenstein and Rosenstein appeal. Order reversed, and motion granted, and complaint dismissed as to appellants.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Abraham Rosenstein, of New York City, for appellants.

Andrew Byrne, of New York City (Leonard F. Fish, of New York City, on the brief), for respondent.

LAUGHLIN, J., This is a suit in equity by an attorney to enforce an alleged lien upon a fund of $750, being the amount paid or agreed to be paid by the defendant Erdenbrecher in settlement of an action for personal injuries brought against him by the defendant Lottie Seidmann on the 15th day of March, 1915. It is alleged that the appellants *acted* as her attorneys in that action and represented her in making the settlement, which is alleged to have been effected on the 14th day of January, 1916, and, although it is not expressly alleged that they were the attorneys of record for her in the action which was settled, that may fairly be inferred. But, however that may be, it is quite clear from the allegations of the amended complaint that the plaintiff herein was not the attorney of record for the plaintiff therein originally, and it is not shown that he ever became the attorney of record for her.

[1] The lien is asserted by virtue of sections 474 and 475 of the Judiciary Law. Plaintiff predicates his right thereto on a retainer in writing, signed by the defendant Lottie Seidmann under date of June 14, 1915, three months after the action is alleged to have been commenced against Erdenbrecher by which she agreed to pay the plaintiff 50 per cent. "of whatever money may be realized" by her "by judgment, settlement, or compromise" for services rendered and to be rendered by him "in regard to" her claim "against the proper defendant" for damages sustained by her "on or about the 15th day of March, 1915." The plaintiff alleges that, pursuant to the retainer, he performed work, labor, and services in preparing and investigating the claim, and in preparing a complaint, and in instituting "a certain motion," and that he "attended court and rendered various legal services in connection with the aforesaid claim, and was ready and is willing to continue to perform any or all services required to be performed, and did duly perform all services required in said claim or action."

The statutory lien conferred by section 475 of the Judiciary Law is given to the attorney of record only (Harding v. Conlon, 146 App. Div. 842, 846, 131 N. Y. Supp. 903; Schiefer v. Freygang, 141 App. Div. 236, 125 N. Y. Supp. 1037; Matter of Heinsheimer, 214 N. Y. 361, 108 N. E. 636; Matter of Rieser, 137 App. Div. 177, 121 N. Y. Supp. 1070), and that is plainly indicated by the phraseology of the section, which is as follows:

"From the commencement of an action or special proceeding, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's favor, and the proceeds thereof in whosesoever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment or final order. The court upon the petition of the client or attorney may determine and enforce the lien."

The lien claimed by the plaintiff is not a possessory or retaining lien, but a charging lien on the cause of action and the money paid or to be paid in settlement thereof. Such a lien was given at common law, and is now embodied in the statute, but it is given only to the attorney of record. Matter of Rieser, supra; Harding v. Conlon, supra; Matter of Heinsheimer, supra.

[2] The retainer does not purport to give a lien; nor does it constitute an assignment of part of the fund, for at most it is an agreement to pay the plaintiff out of the recovery. Bacon v. Schlesinger, 157 N. Y. Supp. 649, and cases cited. No cause of action, therefore, is alleged against the appellants.

It follows that the order should be reversed, with $10 costs and disbursements, and motion granted and complaint dismissed as to appellants, with $10 costs. All concur.