In the Matter of the Estate of HENRIETTA F. LAMERDIN, Deceased. MARY A. LAMERDIN and JOHN P. LAMERDIN, JR., as Executors of the Estate of JOHN P. LAMERDIN, Deceased, Appellants, Respondents; EDWARD H. WILSON, Respondent, Appellant; EDWIN V. HELLAWELL and GRACE D. McKENNA, as Executors of the Estate of HENRIETTA F. LAMERDIN, Deceased, Respondents.— Cross-appeals by the executors of the estate of John P. Lamerdin, deceased, and by Edward H. Wilson, attorney for John P. Lamerdin in his lifetime, from an amended decree of the Surrogate's Court, Queens County, directing the executors under the will of Henrietta F. Lamerdin, deceased, out of costs in the sum of $384.02 awarded against the estate of Henrietta F. Lamerdin, to pay to Edward H. Wilson the sum of $128.01, with interest and costs. On appeal by the executors, amended decree reversed on the law, with costs to the executors of the estate of John P. Lamerdin, payable by Edward H. Wilson personally, and motion denied, with ten dollars costs, payable by Edward H. Wilson personally, and matter remitted to the Surrogate's Court for the entry of a decree accordingly. On appeal by Edward H. Wilson, appeal dismissed, without costs. The petitioner was not possessed of a lien which might be enforced against the costs awarded to John P. Lamerdin, his client, or so much thereof as was in excess of any offset in the same probate proceeding. (Baumwald v. Two Star Laundry Service, Inc., 234 App. Div. 392; affd., without opinion, 260 N. Y. 538.) There was no showing that he was entitled to any part thereof in accordance with the terms of his retainer agreement. These costs, obviously, did not constitute part of property covered by the will of Henrietta F. Lamerdin, and so did not represent any recovery in which petitioner was entitled to participate. The claimed disbursement of $450 for stenographic work is an apparent attempt to apportion petitioner's overhead expense and is not recognized as a disbursement, within the meaning of that term, for which the attorney is entitled to reimbursement. In addition, there is no showing that the sum of $450 represents the reasonable value of the work or was other than an amount arbitrarily set forth by petitioner. Nor could an attorney's lien be enforced for such disbursements in the absence of a showing that the disbursements were actually made in the course of the proceeding in which the attorney's lien is sought, as distinguished from disbursements in independent litigation. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.

In the Matter of the Application of THE LONG ISLAND RAIL ROAD COMPANY for Payment of Awards Made for Parcels Nos. 11, 13 and 16 on the Damage Map and in the Final Decree of the Supreme Court as to Damage and Benefit, in the Proceeding to Acquire Title to Eighth Avenue, from 50th Street to Seventh Avenue, in the Borough of Brooklyn, City of New York. THE LONG ISLAND RAIL ROAD COMPANY, Appellant; THE CITY OF NEW YORK, Respondent.— Order vacating an order dated September 11, 1939, which latter order granted appellant's motion for the payment to it of a condemnation award made in 1904, and denying appellant's motion, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur. [174 Misc. 1037.]