### UNITED STATES v. CERTAIN LANDS IN TOWN OF HIGHLANDS, N. Y., et al.

District Court, S. D. New York.

May 5, 1943.

See also; 47 F.Supp. 934.

Harry T. Dolan, Sp. Asst. to the Atty. Gen. (John A. Jordan, of Brooklyn, N.Y., of counsel), for the United States.

Evan Shelby, of New York City (John E. Walker, of New York City, of counsel), for Merritt Park Estates, Inc.

Percy V. D. Gott, of Goshen, N. Y., for Orange County.

Kopald & Haft, of Highland Falls, N. Y. (Abraham Kopald, of Highland Falls, N. Y., of counsel), for Village of Highland Falls.

Verne R. Foley, of New York City (John W. Simpson, 2nd, of New York City, of counsel), for judgment creditors and mechanic lienholders.

Miller, Bretzfelder & Boardman, of New York City, (George Baker, of New York City, of counsel), pro se and for Cragston Associates, Inc., and others.

John E. Walker, of New York City, for William Conklin.

BRIGHT, District Judge.

Awards have been made in this condemnation proceeding and the United States has made deposit in the registry of this court to pay the same, in the following amounts:

| DAMAGE PARCEL | REPUTED OWNER | AMOUNT |
|---|---|---|
| I (and including Parcels XXXVII and XXXVIII) | Cragston Development Corp. and Cragston Associates, Inc. | |
| Land and buildings | | $90,350.00 |
| XXIII (48.10) | Cragston Associates, Inc. | 420.00 |
| XXVI (48.13) | Cragston Associates, Inc. | 600.00 |
| XXVII (48.14) | Cragston Associates, Inc. | 480.00 |
| XXVIII (48.15) | Cragston Associates, Inc. | 480.00 |
| XXIX (48.16) | Cragston Associates, Inc. | 960.00 |
| XXXI (48.18) | Cragston Associates, Inc. | 120.00 |
| XXXII (48.19) | Cragston Associates, Inc. Land and Cottage | 2,480.00 |
| XXXIII (48.20) | Cragston Associates, Inc. Land and Cottage | 3,320.00 |
| XXXIV (48.21) | Cragston Associates, Inc. | 560.00 |
| XXXV (48.22) | Cragston Associates, Inc. | 125.00 |
| XXXVI (48.23) | Cragston Associates, Inc. | 50.00 |

Motions have been made by the Merritt Park Estates, Inc., the Village of Highland Falls, Verne R. Foley as trustee, and William Conklin, for a distribution of these funds. The United States does not oppose their distribution and appears solely as amicus curiae. The other parties appear, asserting claims to some part of the moneys awarded and deposited. Most of the claims are asserted against the award of $90,350.00 to Cragston Development Corporation and Cragston Associates, Inc. for "Damage Parcel I (and including parcels XXXVII and XXXVIII)".

### County of Orange.

No one opposes the allowance of this claim upon the awards. As to Parcel I, it is for unpaid taxes for the years 1938 to 1942 inclusive, aggregating $7,942.26; and as to Parcels XXIII, XXVI, XXVII, XXVIII, XXIX, XXXI, XXXII, XXXIII, XXXIV, XXXV and XXXVI, and a small portion of Parcel I, and of Parcels XXXVII and XXXVIII for unpaid taxes for 1942, the sum of $25.45. The County is entitled to a first lien upon the moneys deposited as aforesaid in the total amount mentioned, together with interest and penalties legally accruing thereunder to the date of payment. United States v. Certain Lands Located in the Town of Hempstead, 2 Cir., 129 F.2d 918.

### Merritt Park Estates, Inc.

This claimant has a mortgage dated April 2, 1928, and recorded in the office of the Clerk of the County of Orange on April 4, 1928, in liber 613 of mortgages at page 225, upon which there was due on March 16, 1943, $41,887.12 of principal and $12,468.40 of interest, a total of $54,355.52. So far as appears upon these motions, this mortgage is a first lien upon Parcel I. After the payment of taxes to the County of Orange, no one opposes the payment of the amount due on this mortgage except the Village of Highland Falls, referred to in the next subdivision. The amount of this claim when paid will carry interest to the date of payment. United States v. Certain Lands in Borough of Brooklyn, 2 Cir., 129 F.2d 577.

### Village of Highland Falls.

It appears that about eighty acres of the lands described in the mortgage owned by Merritt Park Estates, Inc., are situated in the Village of Highland Falls, and were not taken in this condemnation proceeding. On January 29, 1942, there was due from the Cragston Development Corporation, the owner of those lands, for unpaid Village taxes upon the property mentioned and situated in the Village, $9,806.07. Demand for the payment of the same had been made upon the owner as well as upon Cragston Associates, Inc., which had contracted to purchase the same, and in order to prevent the Village from foreclosing its tax liens, those two corporations, together with the mortgagee Merritt Park Estates, Inc., executed and delivered to the Vil-

lage an assignment in writing which was filed in this court on February 24, 1943, which granted and assigned to the Village the said amount with interest thereon at the rate of 1% per month from the date thereof, together with the amount of taxes thereafter levied and assessed by the Village against the lands in the Village, "out of the first moneys due the undersigned (the three corporations mentioned) out of any award or payment made or to be made for the real property owned by the undersigned, Cragston Development Corporation, and in which the other parties hereto have the interests above set forth in the above entitled condemnation proceedings". The amount claimed by the Village is as follows:

| | |
|---|---|
| Amount due on tax liens against property of Cragston Associates, Inc., & Cragston Development Corp. in Village of Highland Falls on Jan. 29, 1942 | $ 9,806.07 |
| Interest allowed by law on said taxes and tax liens at the rate of 1% per month | 1,372.85 |
| Taxes on same property levied and assessed by Village of Highland Falls since Jan. 29, 1942 to wit, 1942 Village Tax | 1,266.86 |
| Interest & Penalties due to the date hereof. 5% first month, plus ½% per month until paid. | 114.02 |
| | $12,559.80 |

Objection is made to payment of this claim by Merritt Park Estates, Inc., and by Verne R. Foley, the trustee, upon the ground that the assignment is void under Section 203 of Title 31 U.S.C.A. and under the cases of National Bank of Commerce of Seattle v. Downie, 218 U.S. 345, 31 S. Ct. 89, 54 L.Ed. 1065, 20 Ann.Cas. 1116, and Manhattan Commercial Co. v. Paul, 216 N.Y. 481, 483, 111 N.E. 76. Merritt Park Estates, Inc., also contends that the assignment in question was obtained from it by duress, and further, that if the claim of the Village is allowed, the amount thereof should be added to the mortgage debt and the claim of the mortgagee increased accordingly.

 The assignment to the Village of moneys payable out of the particular fund was clearly an equitable one, if not a legal one, and created a lien upon the moneys awarded when they became available to the owners. Martin v. National Surety Co., 300 U.S. 588–597, 57 S.Ct. 531, 81 L.Ed. 822; Walker v. Brown, 165 U.S. 654, 17 S.Ct. 453, 41 L.Ed. 865; Central Trust Co. v. West India Imp. Co., 169 N.Y. 314–324, 62 N.E. 387; Hinkle Iron Co. v. Kohn, 229 N.Y. 179–183, 128 N.E. 113. When the amount of the awards was paid to the clerk of this court by the government, the interest of the United States in the fund, except possibly as an amicus curiae to assist the court in its determination of those to whom the fund should be paid and to obtain the necessary releases and satisfactions of liens, had ceased. After such payment there no longer remained any claim against the United States. It had done its full duty. City of St. Paul v. Certain Lands in City of St. Paul, 8 Cir., 48 F.2d 805–807. The fund deposited in full satisfaction of any claim against the government then belonged to those who could prove title to it. Section 203 was enacted for the protection of the government so that it would not be endangered of becoming embroiled in conflicting claims, with delay and embarrassment and the chance of multiple liability. "But as applied to the fund in controversy, that peril has now passed. The fund is in court to be distributed to rival claimants, with the Government discharged irrespective of the outcome. * * * The government is not concerned to regulate the equities of claimants growing out of irregular assignments when collection is complete and liability is ended. * * * A transfer of the fund after payment is perfected is of no concern to anyone except the parties to the transaction, and this quite irrespective of the time of the assignment or the manner of its making." Martin v. National Surety Co., 300 U.S. 588–595, 57 S.Ct. 531, 534, 81 L.Ed. 822; Lay v. Lay, 248 U.S. 24, 39 S.Ct. 13, 63 L.Ed. 103; MacGowan v. Parish, 237 U.S. 285–296, 35 S.Ct. 543, 59 L.Ed. 955; Conde v. York, 168 U.S. 642, 18 S.Ct. 234, 42 L.Ed. 611.

In the Martin case, the Downie case upon which the decision in Manhattan Commercial Co. v. Paul, is based, was cited and distinguished and in cases like the present disapproved. There does not seem to me to be any good reason why in this particular dispute the assignment to the Village should be declared void. My decision in this same proceeding and involving this very assignment (46 F.Supp. 386) is not to the contrary. At the time that

decision was made, the government had not accepted the award nor made any deposit. And in striking out the assignment at the motion of the government, I expressly did so without prejudice to any further lawful effort on the part of the Village to establish its claim when the award was paid.

■ The contention of Merritt Park Estates, Inc., the mortgagee, that the assignment was obtained by duress must fail for lack of proof. The assignment obviously was given by it and the other two assignors to prevent the foreclosure by the Village of its tax liens.

■ This leaves finally, the contention of Merritt Park Estates, Inc., that if it is is required to pay to the Village the amount assigned, that amount should be added to its mortgage lien for principal and interest. Any such increase of the mortgage is objected to by Verne R. Foley as trustee, whose interest in the deposit would be decreased by any such addition. The mortgage provides, "That the mortgagor will pay all taxes, assessments or water rates, and in default thereof, the mortgagee may pay the same". Section 254 subdivision 6 of the Real Property Law of the State of New York, Consol.Laws, c. 50, upon which the mortgagee also relies, does not help. It provides that the very clause quoted from the mortgage means that the holder of the mortgage may pay taxes and the mortgagor will repay with interest, and the amount paid shall be a lien on the premises and secured by the mortgage.

Neither the mortgagee nor the mortgagor, of course, has ever paid the taxes, so there has been no compliance either with the provision of the mortgage or of the Real Property Law. In fact, in the assignment, the mortgagee joined with the owner and the vendee in acquiescing in the nonpayment of the taxes pending the determination of this condemnation proceeding, and in the hope, as is obvious, that the awards made would be amply sufficient to pay much more than the various liens against the property. The mortgagee is undoubtedly disappointed at the result, but because of that, it should not complain that the taxes have largely increased by penalties and interest over the period which has elapsed since the commencement of this proceeding. I cannot see how it is in a position now to claim that the amount of the taxes should be added to its mortgage lien.

There seems to me to be no reason why this should be done. The assignment executed by it and the two Cragston Companies on January 29, 1942, expressly makes the Village taxes payable "out of the first moneys due the undersigned out of any award or payment made or to be made for the real property owned "by the Cragston Development Corporation," which said moneys " * * * may become due and owing to the undersigned from the United States of America on account of the claims of the undersigned for compensation for such lands * * * or the interest in said lands owned by any of the undersigned." By the very terms of the assignment, the taxes are to be paid out of the moneys to be found due to the mortgagee.

But there is another, and what seems to me to be a complete answer to this last contention of the mortgagee. The Village taxes, of course, could only be levied against property in the Village. None of that property is involved or taken in this proceeding. Taxes upon the lands condemned are first to be paid out of the awards as above decided. If there is added to those taxes so to be paid taxes upon lands not involved in this proceeding, solely because the other vendee and mortgagee have so agreed, subsequent liens will be postponed to the double taxation without their consent. That cannot be so, either as a matter of law, equity or otherwise.

The claim of the Village, therefore, to the extent of $12,559.80 and such interest as may accrue thereon to the date of payment, is allowed and shall be payable out of the moneys apportioned to the Merritt Park Estates, Inc.

William Conklin.

This claim relates only to the awards made to Cragston Associates, Inc., as follows:

| XXIII | (48.10) | $ 420. |
| XXVI | (48.13) | 600. |
| XXVII | (48.14) | 480. |
| XXVIII | (48.15) | 480. |
| XXIX | (48.16) | 960. |
| XXXII | (48.19) | 2,480. |
| XXXIII | (48.20) | 3,320. |
| XXXIV | (48.21) | 560. |
| | | $9,300. |

The claim is founded upon three mortgages given by Cragston Associates, Inc.,

to the claimant, one dated June 22, 1936 for $2,000, one dated December 10, 1937, for $1,200, and the third dated November 30, 1938, for $3,100, upon which there remains unpaid the full amount of principal and interest from the date of each mortgage.

The other damage parcels of which Cragston Associates, Inc., are said to be the reputed owners and upon which the mortgages mentioned are not liens are:

| XXXI | (48.18) | $120. |
| XXXV | (48.22) | 125. |
| XXXVI | (48.23) | 50. |
| | | $295. |

■ These properties are first subject to the claim of the County of Orange for unpaid taxes in the amount of $25.45, with interest and penalties until the date of payment. The papers submitted to me also show that there is possibly a claim by the State of New York for unpaid franchise tax against Cragston Associates, Inc., for the year 1942, amounting to $25, which would be a second claim upon these moneys. The next claim against them would be in favor of William Conklin, in an amount sufficient to pay his mortgage with interest to the date of payment.

There are left the claims of Verne R. Foley as trustee, and that of Miller, Bretzfelder & Boardman.

### Verne R. Foley as Trustee and Miller, Bretzfelder & Boardman.

The claim of Verne R. Foley is based upon two judgments, one entered on November 27, 1936, against Cragston Development Corporation upon the foreclosure of certain mechanics liens filed in January, February and April, 1931, upon which there is due $28,419.88 and interest, and the other entered against Cragston Associates, Inc., on July 8, 1942, upon which there is due $17,818.42 and interest. The first judgment is a lien upon damage parcel I (including parcels XXXVII and XXXVIII) owned by Cragston Development Corporation and Cragston Associates, Inc., and is subsequent to the lien of the County of Orange for taxes and the Merritt Park Estates mortgage. In view of the determination made as to the taxes of the Village of Highland Falls claimant has no interest in that controversy as such payment does not in any way decrease the fund out of which this claim may be paid.

The second judgment is a lien against the parcels owned by Cragston Associates, Inc., other than parcel 1.

The awards in question were made by the commissioners on June 5, 1942, and were confirmed by this court on December 19, 1942. On February 17, 1943, the moneys to pay the awards were deposited with the clerk of this court, and on February 27, 1943, a final order was entered vesting title in the United States.

The law firm of Miller, Bretzfelder & Boardman were attorneys in these proceedings for Cragston Associates, Inc., which was the vendee in possession under a contract of sale made in 1934. The records of the court show that they filed their notice of appearance for that corporation on July 6, 1939, and that they represented it and another party during the subsequent proceedings in the action, as well as upon the hearings before the commissioners. It is claimed by them that after the institution of this proceeding on or about August 8, 1939, a letter was written on July 8, 1941, by them to Cragston Development Corporation, which was approved by the two Cragston Corporations, confirming an understanding that out of the award to be made for the taking of the Cragston property, there would first be paid taxes and the unpaid balance of the purchase price due Cragston Development Corporation without interest, after which there was to be paid to the attorneys certain expenses of the proceeding, including a transcript of the minutes, in the sum of $5,000 and then for the fees of the attorneys 15% of the total award. Any balance over was to go to the Cragston Development Corporation for interest. The Southern District Court Reporters, who were taking the stenographic minutes in the condemnation proceedings, having requested some assurance that their charges would be paid, the attorneys stated they would not be responsible therefor, and that Cragston Associates had no independent means of making such payment other than out of the award. The Southern District Court Reporters have through the attorneys, submitted a bill of $909. The attention of Evan Shelby, president of Cragston Development Corporation and also of Merritt Park Estates, Inc., was called to this situation, and on February 11, 1942, Shelby as president of Cragston Development Corporation, wrote a letter to the attorneys, the terms of which were accepted by the

968

latter, stating that the Development Corporation was willing, after all taxes and interest on the Cragston property and the Merritt Park Estates' mortgage and interest were paid in full, that there should first be paid out of the award the expenses mentioned, including transcript of minutes, not exceeding $5,000 before the balance of the purchase price due Cragston Development Corporation was paid. It is to be noted that no mention was made of the mechanics lien judgment or of the claim of Foley, later reduced to judgment. It is claimed by the attorneys that they assumed that these liens were the obligation of Cragston Development and the omission to refer to them was inadvertent; that if the mechanics liens are paid, no sum will be available to pay any part of the $5,000 and they, therefore, request payment of their lien and expenses out of the first moneys available after payment of taxes owing to the County of Orange. With respect to the second Foley judgment against Cragston Associates, it is contended by the attorneys that it was entered after the major part of their services was rendered, and is subject and subordinate to their lien.

The mechanic lien owners were not parties to any agreement entered into between the attorneys and the 'Cragston Companies, and the judgment foreclosing the lien was entered long before these proceedings were commenced or the attorneys' agreement made. The attorneys are not such for the mechanic lien owners. The same situation appears so far as the Merritt Park Estates' mortgage is concerned. It was a lien long before any agreement, and that corporation was not represented by the attorneys named.

 An attorney's lien does not take precedence over liens already encumbering the property. In re Queens Boulevard, 254 App.Div. 706, 3 N.Y.S.2d 775; Finance Co. v. Charleston, &c. R. Co., C.C., 46 F. 426–428; Turner v. Woodard, 1 Cir., 259 F. 737–744–745; Gates v. De La Mare, 142 N.Y. 307–313, 37 N.E. 121; Deering v. Schreyer, 171 N.Y. 451–457, 64 N.E. 179. Such a lien, in any event, would only attach to that portion of the award owned by the client of the attorneys, here Cragston Associates, Inc. Weinstein v. Seidmann, 173 App.Div. 219, 159 N.Y.S. 371. The attorneys mentioned did not represent Cragston Development Corporation.

 This being so, after the payment of the taxes due County of Orange, the mortgage of the Merritt Park Estates and the mechanics lien judgment, there will be nothing left of the award made for parcel I out of which the attorneys' lien can be satisfied in whole or in part.

The awards to Cragston Associates, Inc., for the parcels owned by it alone aggregate $9,595. Out of that must first be paid the taxes due the County of Orange, the state franchise tax, if any, and the three mortgages owned by William Conklin, on which there is now due in excess of $8,300, payment of which is not opposed by Foley or the attorneys mentioned, leaving approximately about $1,200 now claimed by Foley under his judgment for $17,812.42 entered July 8, 1942, and the attorneys mentioned.

It appears without contradiction that on October 31, 1936, Foley, on behalf of the lien judgment creditors, and just prior to the entry of judgment upon the liens, entered into an agreement with Cragston Associates, Inc., prepared by one of the members of the firm of attorneys mentioned, who was substantially financially interested in the corporation, under which Foley agreed to release from the judgment lien certain Cragston acreage upon payment by Cragston Associates of approximately $14,000 on or before October 1, 1937, on account of the claim later reduced to judgment in 1942, and in default of such payment, to deliver a confession of judgment. The time of payment of that sum was extended to April 1, 1938. In May, 1941, Foley brought action to enforce his rights under that contract. Cragston Associates answered, and on a motion for summary judgment not opposed, the judgment for $17,818.42 was entered. Foley from April 1, 1938, to July 8, 1942, refrained from asserting his rights in court solely upon the representations by the member of the firm of attorneys previously mentioned, that the entry of judgment against Cragston Associates would result in immediate bankruptcy, a large personal loss to him, and would seriously prejudice the presentation by Cragston Associates of its claim in these condemnation proceedings, and upon said attorney's further assurance and agreement that neither the attorneys nor Cragston Associates would take any steps to thwart Foley from collecting the moneys due him.

The attorneys have a charging lien pursuant to Section 475 of the Judiciary Law of the State of New York, Consol.Laws,

c. 30, enforceable in this court. In re Baxter & Co., 2 Cir., 154 F. 22–25. That section of the Judiciary Law provides, in substance, that from the commencement of the proceeding, the attorney who appears for a party has a lien upon his client's claim which attaches to any judgment or final order in his client's favor and the proceeds thereof in whatever hands they may come.

That statute creates an equitable lien and it is to be enforced, if at all, upon the chancery or equitable side of the federal courts. In re Baxter & Co., 2 Cir., 154 F. 22–25; Turner v. Woodard, 1 Cir., 259 F. 737–743–748–750; Ingold v. Ingold, D.C., 30 F.Supp. 347, 348. A claim based upon an agreement to pay a debt out of a particular fund is inferior to the lien of an attorney, and in order to supersede such lien, must be a prior charge against the specific fund upon which the lien has attached. Ordinarily, the fact that a judgment is entered in favor of the claimant, after the attorney's lien has attached, can have no effect upon the attorney's rights. Bacon v. Shlesinger, 171 App.Div. 503, 157 N.Y.S. 649, aff'd without opinion 224 N.Y. 690, 121 N.E. 854. An attorney's lien for disbursements cannot ordinarily be enforced in the absence of a showing that the disbursements were actually made in the course of the proceeding in which the attorney's lien is sought, and in the absence of proof of the reasonable value thereof. Matter of Lamerdin's Estate, 261 App.Div. 914, 25 N.Y.S.2d 334. Here it is not shown that disbursements have been paid, or if paid, for what purpose, or whether they were reasonable in amount. It does appear that the attorneys refused to be responsible for the bill of the Southern District Court Reporters, and it does not appear that they have paid, or have become responsible for any of the other disbursements included within the $5,000 figure set forth in the letters previously referred to. For these reasons, and in view of the uncontradicted affidavit of Mr. Foley concerning his conversations with a member of the firm of the attorneys mentioned, by reason of which he extended the time of payment of the debt later reduced to judgment, I think it would be inequitable to grant to the attorneys any priority of payment out of these particular awards over the amount due Foley upon the judgment.

These thoughts lead to the following conclusions.

Out of the award of $90,350 for damage parcel I (including parcels XXXVII and XXXVIII) there shall be paid to the following persons in the following order:

1. To the County of Orange, the unpaid taxes aggregating $7,042.26, with interest and penalties to the date of payment.

2. To Merritt Park Estates, Inc., the amount of its mortgage with interest to the date of payment.

3. Out of the moneys to be paid to the Merritt Park Estates, Inc., there shall be paid to the Village of Highland Falls, the unpaid Village taxes amounting to $12,-559.80, with interest and penalties, to the date of payment.

4. To Verne R. Foley, Esq., in partial satisfaction of the judgment entered in the mechanics lien action, the balance of said award.

Out of the awards made to Cragston Associates, Inc., aggregating $9,595 for the eleven parcels above referred to, there shall be paid to the following persons in the following order:

1. To the County of Orange for unpaid taxes $25.45 with interest and penalties to the date of payment.

2. To the State of New York, the unpaid franchise tax, if any, against Cragston Associates, Inc. for the year 1942 or thereafter, with interest.

3. To William Conklin in payment of his three mortgages, the full amount thereof, with interest from the several dates mentioned to the date of payment.

4. To Verne R. Foley as trustee on account of the judgment entered against Cragston Associates, Inc., on July 8, 1942, the balance of said awards.

The order to be entered hereon shall be settled on notice.