**OLIVER et al. v. UNITED STATES et al.**
No. 13309.

Circuit Court of Appeals, Eighth Circuit.
June 24, 1946.

---

282

Igoe, Carroll, Keefe & Coburn, Richmond C. Coburn, and Thomas L. Croft, all of St. Louis, Mo., and Robert V. Niedner, of St. Charles, Mo., for appellants.

Adams, Adams & Adams and Arthur N. Adams, Sr., all of Kansas City, Mo., and Cobbs, Logan, Roos & Armstrong, Wm. H. Armstrong, and J. Terrell Vaughan, all of St. Louis, Mo., for appellee Kansas City Title Ins. Co.

J. Edward Williams, Acting Head, Lands Division, of Washington, D.C., and Harry C. Blanton, U. S. Atty., of Sikeston, Mo., and Roger P. Marquis and Miss Wilma C. Martin, Attys., Department of Justice, both of Washington, D. C., for appellee United States.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

This is one of the so-called Weldon Springs cases which arose out of the efforts of the War Department to acquire by purchase a site in St. Charles County, Missouri, for the location of an ordnance plant. After having accepted approximately 270 contracts with individual landowners for the purchase of their lands, the War Department conceived the idea that the contracts were prohibited by statute, and acting upon this assumption caused condemnation proceedings to be instituted in the name of the United States against all landowners whose contracts had not been fully executed. The appellants were parties to one of the contracts which the United States attempted to repudiate and were defendants in one of the ensuing condemnation proceedings. United States v. Certain Lands in St. Charles County, Mo., etc., D.C., 60 F.Supp. 741; Oliver et al. v. United States, 8 Cir., 155 F.2d 73.

The facts and questions of law common to all the condemnation actions may be found in the opinions of the Supreme Court and of this court in Muschany et al.

v. United States, 324 U.S. 49, 65 S.Ct. 442, 89 L.Ed. 744; United States v. Muschany et al., 8 Cir., 139 F.2d 661; and Oliver et al. v. United States, supra. It is enough to say here that the cases cited determined that appellants' contract with the United States for the sale of their land was valid; that the purchase price stipulated in the contract fixed the amount of the award to be made in the condemnation action brought by the United States; that this purchase price included the sum which the appellants agreed to accept in payment for their lands, plus five per cent of that amount to cover the commission of an agent employed by the War Department to negotiate the purchase contracts, and plus one and one-half per cent of the same amount to cover the charges of the Kansas City Title Insurance Company for preparing at the landowners' expense certificates of title and a deed showing good title in the United States upon conveyance by appellants to the United States; and that with the consent of all parties an arrangement, carried out in the settlement of all contracts not repudiated, was adopted whereby one voucher payable to the vendors was issued for the total of all items included in the stipulated purchase price.

After the decision of the Muschany case by the Supreme Court, the United States paid into the court the sum of $70,000, the purchase price stipulated in appellants' contract, and judgment was entered fixing that sum as the award in the condemnation action. At the suggestion of the United States an order was also entered requiring claimants to a share in the award to file their intervening petitions. The Kansas City Title Insurance Company filed its intervention claiming a share in the award as the owner of one and one-half per cent of the amount stipulated in the purchase contract. This appeal is from the judgment of the District Court allowing the Title Company's claim. The United States is not interested in the result.

In the District Court the Title Company introduced in evidence parts of the records in the Muschany and Oliver cases, supra, on which the conclusions and findings in those cases were made. The ap-

pellants offered no evidence. They objected to the jurisdiction of the District Court to entertain appellee's claim on the grounds: (1) that only those who have an estate in lands taken by condemnation may share in the award in the condemnation proceeding; and (2) that there was no diversity of citizenship as between appellee and appellants. They also contended that the evidence on behalf of appellee was not sufficient to show that appellants had agreed to pay. appellee for its services.

We think the evidence was sufficient to establish the employment of the appellee by the appellants for the examination and certification of appellants' title to the land. Appellants were required by their contract for the sale of their land to employ the appellee for this purpose, and they are bound by the decision in the Muschany case, which was a test case for the determination of the validity and the interpretation of this contract.

██ Appellants' objections to the jurisdiction of the District Court are without merit. In the ordinary condemnation case the award in favor of the owners of the land condemned stands in lieu of the land. In such cases it goes without saying that only those who had an estate in the land have an interest in the fund which takes its place. In the present case, however, the fund to be distributed by the court included not only compensation to the owners of the land, but in addition, funds payable by appellants to the Kansas City Title Insurance Company for its services to them. A Federal court having acquired possession of a fund in the course of a proceeding within its jurisdiction also has jurisdiction of the conflicting claims to ownership of the fund, regardless of the citizenship of the claimants. Loy v. Alston, 8 Cir., 172 F. 90, 95. By Rule 24(a) (3) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, one claiming a share in a fund in court is entitled as of right to intervene in distribution proceedings for the protection of his interest. Appellants' argument that Rule 24(a) (3) is not applicable in the present case, because of the provisions of Rule 81(a) (7) that the Rules of Civil Procedure do not apply in proceedings for condemnation, must be denied because the present action does not involve proceedings for condemnation within the meaning of the Rule relied on. It is true that the funds to be distributed came into the hands of the court as the result of proceedings for condemnation. But those proceedings were terminated before the present action began.

The judgment of the District Court is affirmed.