NATIONAL REFINING CO. v. UNITED STATES (RECONSTRUCTION FINANCE CORPORATION, Intervener).

No. 13440.

Circuit Court of Appeals, Eighth Circuit.

April 9, 1947.

---

Kenneth Teasdale, of St. Louis, Mo., (William G. Boatright, of Kansas City, Mo., and Ray T. Sample, of St. Louis, Mo., on the brief), for appellant.

Harry C. Blanton, U. S. Atty., of Sikeston, Mo., (Sewall Key, Acting Asst. Atty. Gen., J. Louis Monarch and Muriel S. Paul, Sp. Assts. to the Atty. Gen., and Russell Vandivort, Asst. U. S. Atty., of St. Louis, Mo., on the brief), for appellees.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

The United States and the National Refining Company are rival claimants to a fund in the Registry of the District Court. The fund was awarded to the United States, and the Refining Company has appealed.

The fund in suit, which amounts to $1,519.75, represents a commission earned by R. Newton McDowell for his services, as agent for the Government, in securing an option for it upon one of the tracts of land acquired by it for the erection of the Weldon Spring Ordnance Plant in St. Charles County, Missouri. The fund was deposited by the Government in the Registry of the Court on May 17, 1945, as a part of the total award for the tract in proceedings for its condemnation. Compare, Oliver v. United States, 8 Cir., 156 F.2d 281.

The Government's claim to the fund is based upon a lien for unpaid federal taxes assessed against McDowell for the years 1935 to 1945. The lien was perfected in July, 1945, "as against any mortgagee, pledgee, purchaser, or judgment creditor" (26 U.S.C.A. Int.Rev.Code, § 3672) by the recording of notices of tax lien. The Government also asserts the right to set off the fund against McDowell's unpaid taxes.

The appellant's claim to the fund is based upon an equitable assignment made to it by McDowell in October, 1940, of $17,924.36 of commissions to be earned by him under his agency contract with the Government. The claim of appellant is evidenced by a judgment of the Circuit Court of Jackson County, Missouri, entered September 6, 1945, after a trial on the merits of an action brought by appellant against McDowell and others in 1943.[1] McDowell appealed to the Supreme Court of Missouri, which has affirmed the judgment. The National Refining Co. v. McDowell, Mo.Sup., 201 S.W.2d 342.[2]

[1] The Circuit Court adjudged "that R. Newton McDowell, individually and personally, did in the month of October 1940 make an equitable assignment to plaintiff [The National Refining Company] of $17,924.36 of the commissions to become due and payable to him on account of services rendered by him in the acquisition of land in St. Charles County, Missouri, for erection thereon of what is described and referred to as the Weldon Springs T. N. T. or Munitions plant, which assignment of said commissions is hereby established, recognized, and adjudicated and plaintiff is declared and adjudged to be the owner of said commissions to the extent of $17,924.36, and said R. Newton McDowell is hereby ordered and directed, as and when any of said commissions come into his possession or under his control, to deliver same to plaintiff to the amount and extent of $17,924.36, said assignment, title, and rights of plaintiff herein adjudicated being subject to equal or superior assignments or liens, if any, which may be established with respect to said commissions."

[2] The following quotation is from the opinion of the Supreme Court of Missouri:

"We think the record clearly and definitely shows an intent to make a present irrevocable appropriation of a sufficient portion of Weldon Springs Commission, then in prospect and being earned, to liquidate the corporation's [R. Newton McDowell, Inc., a corporation owned and controlled by McDowell] indebtedness to respondent [National Refining Company]. The evidence shows not merely an agreement, upon a valuable consideration, to pay a debt from a designated fund, when received, but the evidence supports a finding of intent to create a present right in respondent in the prospective fund. As stated, it appears that benefits obtained by the corporation under the agreement accrued to and were intended to directly assist appellant [R. Newton McDowell] in earning the commissions. Appellant admitted that 'the company was involved and it took money to be raised or borrowed to finance the Weldon Springs contract.' The agreement was to pay the indebtedness out of a fund to which the respondent was indirectly contributing by materially assisting appellant to bring the fund into existence. Appellant admits that these funds, standing in his name, belong to the creditors of the corporation and that he is only contesting appellant's prior right thereto. Our conclusion is that rights have arisen against the fund that in equity and good conscience ought to be held binding. The trial court's finding of an equitable assignment is sustained.

"The decree adjudged an equitable assignment, as mentioned, and then ordered and directed appellant, 'as and when any of said commissions come into his possession or under his control, to deliver same to plaintiff [National

954

■ ·The judgment of the Circuit Court of Jackson County determined, as between McDowell and those in privity with him, that in 1940 he, for a valuable consideration, assigned to appellant $17,924.36 of his commissions, when they should become available to him. The judgment is entitled to full faith and credit, and establishes the nature and amount of appellant's claim. Morris v. Jones, U.S., 67 S.Ct. 451, 456.

The Government argues: (1) that the equitable assignment to appellant is void under 31 U.S.C.A. § 203;[3] (2) that the Government is entitled to set off the fund in the possession of the District Court against McDowell's unpaid taxes; and (3) that the provision of 26 U.S.C.A. Int.Rev. Code, § 3672 that a lien for taxes shall be invalid "as against any mortgagee, pledgee, purchaser, or judgment creditor," until notice is recorded, does not apply to appellant, because it was not a "purchaser".

We shall assume that the Government, which was not a party to the action brought by appellant against McDowell in the Circuit Court of Jackson County, may raise these questions.

■ The statute (31 U.S.C.A. § 203) which by its terms makes void an assignment by a Government contractor unless made, attested, and acknowledged as provided by the statute, is to protect the Government against the danger of conflicting claims and multiple liability. Martin v. National Surety Co., 300 U.S. 588, 594, 57 S.Ct. 531, 81 L.Ed. 822. "But as applied to the fund in controversy, that peril is now past. The fund is in court to be distributed to rival claimants, with the Government discharged irrespective of the outcome. The very fact that an assignment is permitted even as between the contractor and the Government itself when the warrant is outstanding, if the transfer be executed with prescribed formalities, is significant that the Government is not concerned to regulate the equities of claimants growing out of irregular assignments when collection is complete and liability is ended. The purpose of the statute 'was not to dictate to the contractor what he should do with the money received on his contract after the contract had been performed.' Hobbs v. McLean, supra [117 U.S. 567, 576, 6 S.Ct. 870, 29 L.Ed. 940]. * * * A transfer

Refining Company] to the amount and extent of $17,924.36, and said assignment * * * being subject to equal or superior assignments or liens, if any, which may be established with respect to said commissions.' Actual possession and control of the fund was unnecessary to the decree. The decree does not seek to interfere with the federal court's possession or control of the fund. No attachment, garnishment or seizure is attempted. The decree, as between the parties, determined only that the assignment was in fact made, and appellant was directed as stated. The court was not proceeding in rem but in personam. The federal court did not have exclusive jurisdiction to determine, as between respondent and appellant, matters which would precede actual distribution of the fund by the Federal Court. See United States v. 625.91 Acres of Land in Dunklin County, Mo., et al., D.C., 49 F.Supp. 997; United States v. Klein, 303 U.S. 276, 281, 58 S.Ct. 536, 82 L.Ed. 840; Commonwealth Trust Co. [of Pittsburgh] v. Bradford, 297 U.S. 613, 56 S.Ct. 600, 80 L.Ed. 920; General Exporting Co. v. Star Transfer Line, 6 Cir., 136 F.2d 329, 332; Chase National Bank of New

York v. Sayles, 1 Cir., 11 F.2d 948, 952, 48 A.L.R. 207."

[3] "§ 203. Assignments of claims void. All transfers and assignments made of any claim upon the United States, or of any part or share thereof, or interest therein, whether absolute or conditional, and whatever may be the consideration therefor, and all powers of attorney, orders, or other authorities for receiving payment of any such claim, or of any part or share, thereof, * * * shall be absolutely null and void, unless they are freely made and executed in the presence of at least two attesting witnesses, after the allowance of such a claim, the ascertainment of the amount due, and the issuing of a warrant for the payment thereof. Such transfers, assignments, and powers of attorney, must recite the warrant for payment, and must be acknowledged by the person making them, before an officer having authority to take acknowledgments of deeds, and shall be certified by the officer; and it must appear by the certificate that the officer, at the time of the acknowledgment, read and fully explained the transfer, assignment, or warrant of attorney to the person acknowledging the same. * * * *"

of the fund after payment is perfected is of no concern to any one except the parties to the transaction, and this quite irrespective of the time of the assignment or the manner of its making." Martin v. National Surety Co., supra, 300 U.S. at page 595, 57 S.Ct. at page 334, 81 L.Ed. 822. See and compare, McGowan v. Parish, 237 U.S. 285, 294, 295, 35 S.Ct. 543, 59 L.Ed. 955; Rosecrans v. William S. Lozier, Inc., 8 Cir., 142 F.2d 118, 124; United States v. Certain Lands in Town of Highlands, N. Y., D.C., 49 F.Supp. 962, 965.

▮▮ When, on May 17, 1945, the Government completed the payment into the Registry of the District Court of the exact amount of the award in condemnation, its liability to McDowell and to all others entitled to participate in the award was ended. The fund in suit thereafter belonged to whoever could establish the best right to it. Appellant makes no claim against the Government. The claim is solely against the fund in the possession of the District Court. The appellant and the Government are merely rival claimants to the fund which the District Court has jurisdiction to distribute. Oliver v. United States, 8 Cir., 156 F.2d 281, 283; United States v. Certain Lands in Town of Highlands, N. Y., D.C., 49 F.Supp. 962 965.

▮ Since the Government was no longer indebted to McDowell after it had paid the award, including his commission, into court, and since the fund in suit was not in the possession of the Government thereafter, it obviously could not set off the fund against its claims for McDowell's unpaid taxes. The Government lost its right of set-off when it deposited the award in the Registry of the District Court. No citation of authority is required to demonstrate that one may not set off against a debt a non-existent obligation or a fund belonging to someone other than the debtor.

▮ In its brief the Government asserts that the appellant was required to prove that it was a "purchaser" within the meaning of 26 U.S.C.A. Int.Rev.Code, § 3672; that the record shows that the consideration for the assignment to appellant was McDowell's pre-existing debt; that this was not a present consideration; and that, therefore, appellant was not a "purchaser". The Circuit Court of Jackson County, Missouri, in its judgment found in appellant's favor all of the issues relative to the equitable assignment to the appellant. This was equivalent to finding that the consideration for the assignment was, as the appellant had alleged, an entension by appellant of the time of payment of a pre-existing debt incurred in the purchase of petroleum products by or on behalf of McDowell, an extension of further credit, and an agreement to deliver, and the delivery of, additional merchandise. We think it is safe to say that one who, for a valuable present consideration, acquires property or an interest in property is a "purchaser" within the meaning of 26 U.S.C.A. Int.Rev. Code, § 3672. See United States v. Rosebush, D.C., 45 F.Supp. 664, 667. The Circuit Court of Jackson County and the Supreme Court of Missouri have, in effect, ruled that appellant gave present value for the commissions assigned to it by McDowell in 1940 and is entitled to them.

▮ Our conclusion is that the fund in suit represents a commission assigned to appellant by McDowell in 1940; that the commission became available to McDowell on May 17, 1945; and that appellant, as his assignee, is entitled to the fund.

The judgment is reversed and the case is remanded to the District Court with directions to award the fund to the appellant.